CAROLYN N. SCHOEN, Respondent, v. NORTHFIELD LAND COMPANY, INC., Appellant.— In an action based on fraud in connection with the sale of real property, order of the County Court of Westchester county affirming a judgment of the City Court of New Rochelle in favor of plaintiff unanimously affirmed, with costs. The appeal from the judgment of the City Court of New Rochelle, entered pursuant to said order, is dismissed. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

FLORENCE B. SCIAKY, Respondent, v. RODGERS & HAGERTY, INC., Appellant, and THE CITY OF NEW YORK, Defendant.— In an action for damages for injuries to plaintiff's buildings resulting from the construction of a subway by defendant Rodgers & Hagerty, Inc., judgment in favor of the plaintiff against that defendant for $4,420.42, damages, interest and costs, upon a verdict of a jury in favor of the plaintiff for the sum of $3,000, modified by reducing the amount of said judgment from $4,420.42 to $3,915.89. As so modified, the judgment and the order denying motion for a new trial are unanimously affirmed, with costs to respondent. We are of opinion that the inclusion in the judgment of interest on the verdict from February 1, 1929, was erroneous; that such interest should have been computed only from November 2, 1931, the date of the commencement of this action; and that the items of the judgment and its total should be only as follows:

| | |
|---|---:|
| Amount of verdict | $3,000 00 |
| Interest thereon from November 2, 1931, to the date of rendition of verdict, October 25, 1935 | 716 34 |
| Interest on $3,716.34 (amount of verdict plus such interest) from October 25, 1935, to November 23, 1935 | 17 10 |
| Costs | 182 45 |
| Total judgment | $3,915 89 |

Present — Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ.

CHARLES E. WHITEHOUSE, JR., Appellant, v. ROBERT DELAP, Respondent.— Order denying plaintiff's motion for summary judgment in an action based on a promissory note affirmed, with ten dollars costs and disbursements. Although we regard the defense as insufficient in so far as it relates to the alleged fraudulent misrepresentation of value because of an omission to allege lack of knowledge at the time of the giving of the renewal note in question, we construe the defense to plead a conditional delivery of the renewal note in that it was not to take effect nor to have valid existence until such time as the stock in question arrived at a value of twenty-five dollars a share or more. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.